**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Elliott Mayer, Jr., | No. CV-19-00338-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

For the reasons stated by the Court in its Order issued July 23, 2019 (Doc. 9), this case is dismissed for lack of subject matter jurisdiction. This Court dismissed the case, with leave for the Plaintiff to file an Amended Complaint to state a federal claim for relief. Assuming the Plaintiff intended the "Response for a More Short Plain Statement" (Response) (Doc. 10) or the "Amended Jurisdiction as Requested by Federal Court" (Amended Jurisdiction) (Doc. 11) to be, singularly or together, the Amended Complaint, he fails again to allege facts sufficient to invoke federal jurisdiction. For the same reasons explained in the July 23 Order, the Court concludes that it lacks subject matter jurisdiction over this case. *See* (Order (Doc. 9) (citing Fed. R. Civ. P. 12(h)(3) explaining the Court must dismiss an action any time it determines it lacks subject-matter jurisdiction). The addition of alleged violations of state and federal criminal statutes, likewise, fail to state a federal cause of action. "[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Plaintiff, a private citizen lacks standing to enforce the

United States and/or Arizona criminal codes. In other words, enforcement authority over criminal codes lies with either the federal or state government, respectively. *Morgan v. Kalaco Scientific, Inc.,* 2008 WL 11449239 (March 5, 2008).

Dismissals for lack of subject matter jurisdiction are without prejudice because there is no adjudication on the merits. *Freeman v. Oakland Unified Sch. Dist.,* 179 F.3d 846, 847 (9th Cir. 1999). "Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court." *Id.* The Court denies the Defendants' Motion to Dismiss with Prejudice.

In part, the Defendants seek dismissal with prejudice as a sanction for Plaintiff's failure to comply with the Court's directive to comply with Rule 8 requirements to state a claim clearly and with specificity, if the Plaintiff intended the Response (Doc. 10) and/or the "Amended Jurisdiction as Requested by Federal Court" (Doc. 11) to be the Amended Complaint. The Court's July 23, 2019, expressly stated that "THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS 'AMENDED COMPLAINT' ON THE FACE OF THE DOCUMENT." Neither the Response nor the Amended Jurisdiction documents were clearly designated "Amended Complaint." The Plaintiff is *pro se*, and as such may be prone to make errors in pleading more than the person who has the benefit of being represented by counsel, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), but there is nothing complicated or confusing about the Court's directive to clearly designate the Amended Complaint as such. In the event the Plaintiff has failed to file an Amended Complaint, the case is subject to dismissal pursuant to the Court's July 23, 2019, Order. Dismissal is for lack of subject matter jurisdiction and without prejudice.

To the extent the Defendants suggest the Court should exercise jurisdiction and rule on the merits because the Plaintiff may be stating a constitutional claim, the Defendants' argument is self-defeating. Defendants note that the Plaintiff could state a claim under 42 U.S.C. § 1983 for illegal seizure under the Takings Due Process Clauses, and the Court adds the Fourth Amendment to the United States Constitution protects against illegal seizures of property without a warrant. Defendants ask the Court to dismiss the case with

prejudice on the merits because Plaintiff's claim is not recognized in law, and describe the Plaintiff's claim as: "he allegedly possessed an allodial land patent and posted 'no trespassing' signs, [therefore] all of his real and personal property became absolutely exempt from government jurisdiction and any unconsented entry, even by law enforcement, [and] constituted an unlawful trespass and a violation of his federal rights." (Motion (Doc. 12) at 8.) Defendants ask the Court to take judicial notice that Pima County Sheriffs were executing a Writ of General Execution issued to satisfy a Michigan divorce judgment, pursuant to Arizona statutes which authorize seizure of property to satisfy a judgment. *Id.* at 8-10. These were the factual allegations made by the Plaintiff as the Court understood them when it dismissed the case for lack of subject matter jurisdiction on July 23, 2019. He has not made any factual allegations in his recently filed documents to invoke this Court's jurisdiction under the Takings Clause, the Fourth Amendment to the Constitution, or any other constitutional provision or federal law.

**Accordingly,**

**IT IS ORDERED** that the Motion to Dismiss with Prejudice (Doc. 12) is DENIED.

**IT IS FURTHER ORDERED** that this action is dismissed for lack of subject matter jurisdiction, pursuant to the Court's Order issued on July 23, 2019.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment, accordingly.

Dated this 14th day of August, 2019.

_____
Honorable David C. Bury
United States District Judge